UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
AT KNOXVILLE

| | | |
|---|---|---|
| Emerachem, Holdings, LLC, | ) | |
| | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-CV-132-PLR-HBG |
| | ) | |
| Volkswagen Group of America, Inc., | ) | |
| Volkswagen AG, and Volkswagen | ) | |
| Group of America Chattanooga | ) | |
| Operations, LLC | ) | |
| | ) | |
|    *Defendants*. | ) | |

## Memorandum Opinion and Order

EmeraChem is the owner of five patents relating to the treatment of exhaust gasses. EmeraChem contends the Volkswagen defendants (collectively, "Volkswagen") are directly and indirectly infringing EmeraChem's patents by producing and selling diesel-powered vehicles equipped with exhaust gas treatment catalysts (including the NOx Storage catalyst) and on-board diagnostics that are covered by EmeraChem's patents.

Presently before the Court is Volkswagen's motion to dismiss for failure to state a claim [R. 20] and EmeraChem's motion to amend its complaint [R. 29]. Volkswagen contends EmeraChem has not pled sufficient factual information to support its claim for direct patent infringement, induced patent infringement, or contributory patent infringement. Naturally, EmeraChem disagrees. For the reasons discussed below, Volkswagen's motion to dismiss will be denied, and EmeraChem's motion to amend will be granted.

## Standard of Review

Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure require the complaint to articulate a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requirement is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of the plaintiff's claims that would entitle the plaintiff to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990) *cert. denied,* 498 U.S. 867 (1990).

The court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

With respect to motions to amend, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave should freely be given to amend a complaint when the interests of justice require. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reasons – such as undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice . . . futility of the amendment, etc. – then leave sought should, as the rules require, be 'freely given.'"). The denial of an opportunity to amend is within the discretion of the district court. *Id.* When the proposed amendment to the complaint would be futile, the court may deny the motion to amend. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). "Amendment of the complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2006).

## Discussion

### A. Direct Infringement

Form 18 supplies the pleading standard for direct patent infringement claims. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). "As long as the complaint in question contains sufficient factual allegations to meet the requirements of Form 18, the complaint has sufficiently pled direct infringement." *Id*. For a complaint to comply with Form 18, it must include the following elements: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by "making, selling, and using [the device] embodying the patent;" (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1457 (Fed. Cir. 2007). EmeraChem has sufficiently pled all five elements.

Volkswagen argues that, because the proposed amended complaint does not identify the allegedly infringing products by model and model year(s), it fails to place the defendants on notice of what activity or device is being accused of infringement. Claims for direct infringement, however, do not require that level of specificity. The example in Form 18 states

3

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice . . . futility of the amendment, etc. – then leave sought should, as the rules require, be 'freely given.'"). The denial of an opportunity to amend is within the discretion of the district court. *Id.* When the proposed amendment to the complaint would be futile, the court may deny the motion to amend. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). "Amendment of the complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2006).

## Discussion

### A. Direct Infringement

Form 18 supplies the pleading standard for direct patent infringement claims. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). "As long as the complaint in question contains sufficient factual allegations to meet the requirements of Form 18, the complaint has sufficiently pled direct infringement." *Id*. For a complaint to comply with Form 18, it must include the following elements: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by "making, selling, and using [the device] embodying the patent;" (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1457 (Fed. Cir. 2007). EmeraChem has sufficiently pled all five elements.

Volkswagen argues that, because the proposed amended complaint does not identify the allegedly infringing products by model and model year(s), it fails to place the defendants on notice of what activity or device is being accused of infringement. Claims for direct infringement, however, do not require that level of specificity. The example in Form 18 states

that the plaintiff owns a patent for "an invention in an electric motor," and that the defendant has infringed upon that patent by "making, selling, and using electric motors that embody the patented invention." This is a low bar.

EmeraChem identified the five infringed patents, and it identified the infringing products in each Count as "diesel powered vehicles equipped with NOx Storage catalyst" or "diesel powered vehicles equipped with exhaust gas treatment catalysts." Moreover, EmeraChem included a non-exclusive list of infringing vehicles including: the Golf TDI, Jetta TDI, Beetle TDI, etc. No more detail is necessary to satisfy Form 18. *See K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286-87 (Fed. Cir. 2013) (finding a complaint was sufficient where the plaintiff did not identify an accused device by name, but where the plaintiff alleged the defendant "translated" digital signals using the plaintiff's patented methods and systems and where the defendants "know what [the plaintiff's] patents claim, and they know what [the plaintiff] asserts their systems do, and why.").

### B. Indirect Infringement

Form 18 does not apply to claims for indirect infringement, including induced infringement or contributory infringement. Instead, a claim for indirect infringement must meet the standards set forth by the Supreme Court in *Iqball* and *Twombly*. That is, the plaintiff must plead sufficient factual content to allow the Court to draw the reasonable inference that the defendants are liable for infringement.

Contributory infringement occurs if a party sells or offers to sell "a material or apparatus for use in practicing a patented process" and that material or apparatus is material to practicing the invention; has no substantial non-infringing uses; and is known by the party "to be especially

4

made or especially adapted for use in an infringement of such patent." *Bill of Lading*, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)).

Volkswagen argues that EmeraChem's complaint does not provide any description of the "material component" alleged to be practicing the patented invention; however, the "material component" is described in each count of the complaint. *See, e.g.,* R. 29-1, ¶ 2 ("diesel powered vehicles equipped with NOx Storage catalyst (NSC) that are covered by at least one claim of the '558 patent); R. 29-1, ¶ 42 ("diesel powered vehicles equipped with exhaust gas treatment catalysts that are covered by at least one claim of the '307 Patent); R. 29-1, ¶ 49 ("diesel powered vehicles equipped with exhaust gas treatment catalysts and on-board diagnostics that are covered by at least one claim of the '346 Patent"). Volkswagen's statement that it is "in the dark about how they are alleged to have contributed to the infringement of the patents" strikes the Court as hyperbolic. Volkswagen knows what its NOx Storage catalysts and exhaust diagnostic systems do and what EmeraChem's patents claim. These claims provide sufficient notice of EmeraChem's contributory infringement claims against Volkswagen to survive a motion to dismiss.

As for the induced infringement claims, Volkswagen states that the amended complaint "merely alleges in conclusory fashion that the defendants 'actively induced infringement of the [five patents at issue] by others, without authority or license from EmeraChem.'" [R. 6, p. 6]. This contention is without merit. EmeraChem's proposed amended complaint claims that Volkswagen's diesel powered vehicles equipped with NOx Storage Catalysts infringe upon the claims of EmeraChem's patents; and that Volkswagen had knowledge of the patents; that Volkswagen's sells the infringing products to consumers who then use the infringing products and methods, thereby becoming direct infringers of EmeraChem's patents. Volkswagen

5

contends, as it did regarding the direct infringement claims, that EmeraChem's failure to provide an exclusive list of infringing vehicles by year and model number is grounds for dismissal under 12(b)(6). Such specificity is not necessary at this stage of the litigation. After the parties engage in discovery, the issues may be narrowed, and a more final tally of infringing products will be developed.

## Conclusion

The plaintiff's amended complaint meets the pleading requirements for direct infringement set forth in Form 18 in the Federal Rules of Civil Procedure. It also meets the pleading requirements set forth by the Supreme Court in *Iqball* and *Twombly* for the indirect infringement claims. Accordingly, the plaintiff's motion to amend [R. 29] is **Granted**, and the defendants' motion to dismiss [R. 20] is **Denied as Moot.**

IT IS SO **ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**